# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON

**RODGER II OF THE FAMILY OF ATWOOD,**

    **Petitioner,**

**v.**                                            **Case No. 2:17-cv-01180**

**CHRISTOPHER C. CONNOR, CHRISTY H. FAWCETT,
JAMES T. CLANCY, PETER J. SMITH,
DENISE TURNER ROTH, JAMES DUFFY,
JOHN KERRY and JACK LEW,**

    **Respondents.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for Equitable Relief (ECF No. 1). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PETITIONER'S ALLEGATIONS

The petitioner, who is incarcerated at FCI McDowell in Welch, West Virginia,[1] is serving two 90-month consecutive sentences after being convicted of multiple federal drug offenses in the United States District Court for the Middle District of Pennsylvania.[2]

---

[1] Although the petitioner is incarcerated at FCI McDowell, which is located within this Court's Bluefield Division, this matter was filed in the Court's Charleston Division because the first page of the petition is styled as being filed in the "Chancery Court of Kanawha County, West Virginia," which does not exist. Elsewhere in the petition, the petitioner also references the "Chancery Court of Mercer County, West Virginia," which also does not exist. Both counties have "Circuit Courts" which have the power to grant equitable relief, where appropriate.

[2] On October 2, 2013, in Case No. 1:12-cr-55-1, the petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania to a two-count information charging him with conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One). On April 20, 2015, in Case No. 1:13-cr-260-1, the petitioner pled guilty to a one-count information charging him with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and

On February 2, 2017, the petitioner filed the instant Petition for Equitable Relief (ECF No. 1), which names eight "respondents" who appear to be either individuals involved in his federal criminal prosecutions in Pennsylvania or federal officials in Washington, DC. None of the "respondents" is domiciled in the Southern District of West Virginia; nor was petitioner convicted here. Thus, there are insufficient minimum contacts with the Southern District of West Virginia that would give rise to this court's personal jurisdiction over any of the respondents.

The petitioner has subsequently filed numerous other documents in this matter.[3] Although the petitioner has not specifically identified himself as a "sovereign citizen," his filings bear the hallmarks of a "sovereign citizen"[4] and the petitioner previously filed a habeas corpus petition in this court which had similar characteristics (*Rodger II of the Family of Atwood v. Rodger Theodore Atwood, II and B. Rickard*, Case No. 1:16-cv-10162, voluntarily dismissed by the petitioner on December 6, 2016).

The petitioner disavows citizenship in any state and he refers to himself as a "trust-estate" known as "Rodger II of the Family of Atwood." He also refers to his criminal judgments as "judgment deeds" or "mortgages." He appears to seek a declaration that his obligations under the "judgment deed" are discharged and that he, as a "surety" is

---

846. Sentencing in both matters occurred on October 31, 2015. On November 5, 2015, the petitioner appealed his Judgments to the United States Court of Appeals for the Third Circuit (Appeal Nos. 15-3704 and 15-3705). The petitioner's Judgments were affirmed on December 13, 2016 and mandates issued on January 14, 2017.

[3] The additional documents filed by the petitioner consist of the following: a "Plea in Abatement" (ECF No. 2); another "Plea in Abatement" (ECF No. 5); six "Affidavits of Mailing" (ECF Nos. 6-11); a "Letter-Form Notice" (ECF No. 12); a "Petition for a Writ of Injunction Ex Parte" (ECF No. 14); an "Amendment to Bill in Equity" (ECF No. 15); a "Petition for Writ of Summons" (ECF No. 17); a "Petition for 'Order Pro Confesso'" (ECF No. 20); and an "Acceptance of Appointment of Trustee/Receiver" (ECF No. 22).

[4] "Sovereign citizen" claims are claims from individuals who, even though they physically reside in the United States, do not recognize the authority of the federal government and, thus, believe that they are not subject to the laws or jurisdiction of governmental entities. Often, such claims are made by convicted criminals in an attempt to invalidate their convictions and seek release from custody.

exonerated from further liability. The petitioner further asserts that, by failing to respond to documents he has served on them (including a "Notice of Accord and Satisfaction" and a "Notice of Non-Response Three (3) Day Opportunity"), the respondents have "acquiesced" to the relief he seeks and are "equitably estopped" from challenging the same. (*See* ECF No. 20).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[5]

## ANALYSIS

The petitioner's filings lack any justiciable basis under federal law, are patently frivolous, and fail to state any claim upon which relief can be granted by this federal court. Moreover, this court lacks personal jurisdiction over all of the respondents named in the petition. Furthermore, because the petitioner's claims are indisputably meritless, transfer of this matter to the United States District Court for the Middle District of Pennsylvania (where the petitioner was convicted and where any facts that could give rise

---

[5] This standard applies equally to the initial screening conducted under 28 U.S.C. § 1915A, where not Motion to Dismiss has been filed.

to a claim for relief would have occurred) would be futile. Accordingly, this civil action is subject to summary dismissal under 28 U.S.C. § 1915A.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's "Petition for Equitable Relief" (ECF No. 1) and **DISMISS** this civil action from the docket of the court. As noted above, the petitioner previously filed another petition in this court, styled as a "petition for a common-law writ of habeas corpus" which contained similarly frivolous "sovereign citizen" type allegations. It is further respectfully **RECOMMENDED** that this court caution the petitioner that continued filing of such clearly frivolous actions may subject him to sanctions by this court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

May 4, 2017

Dwane L. Tinsley
United States Magistrate Judge